**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **ENOUGH FOR EVERYONE, INC, a California corporation,** | No. 12-56489 |
| Plaintiff - Appellee, | D.C. No. 8:11-cv-01161-DOC-MLG |
| v. | |
| **PROVO CRAFT AND NOVELTY, INC., a Utah corporation,** | **MEMORANDUM**<sup>*</sup> |
| Defendant - Appellant. | |

| | |
|---|---|
| **ENOUGH FOR EVERYONE, INC, a California corporation,** | No. 12-57025 |
| Plaintiff - Appellee, | D.C. No. 8:11-cv-01161-DOC-MLG |
| v. | |
| **PROVO CRAFT AND NOVELTY, INC., a Utah corporation,** | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California

_____

       * This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

David O. Carter, District Judge, Presiding

Argued and Submitted March 7, 2014
Pasadena, California

Before:     **KOZINSKI,** Chief Judge, **GRABER,** Circuit Judge, and **BREYER,** Senior District Judge.[**]

**1.** Although the Consulting Services and Royalty Agreement ("Agreement") contained an arbitration clause applicable to "every dispute or difference between them, arising under this Agreement," it specifically excluded from its purview "any dispute regarding . . . non-payment or late payment." Enough for Everyone's operative Complaint alleges that Provo failed to make payments required by the Agreement. See Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 721 (9th Cir. 1999) ("[W]e must examine the factual allegations raised to determine which of Simula's causes of action are arbitrable."). Provo's eleventh-hour tender of payment in an amount that it unilaterally determined to be owing under the Agreement does not convert Enough for Everyone's Complaint from one alleging non-payment to one alleging under-payment. Even if it did, we do not find such a distinction relevant. Indeed, under Provo's theory, it could have made a $1 payment shortly before trial, thereby triggering the arbitration clause and undoing nearly a year's worth of work

---

[**] The Honorable Charles R. Breyer, Senior District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

and expense incurred by the parties and the court. We find it implausible that this is what the parties intended. See Am. Express Co. v. Italian Colors Rest., 133 S. Ct. 2304, 2309 (2013) (acknowledging "the overarching principle that arbitration is a matter of contract").

**2.** The district court empowered the Special Master to "mak[e] any and all factual findings and legal conclusions necessary, and upon conclusion of such accounting report those findings and conclusions to the Court." Although Provo contends that the Special Master made findings and legal conclusions that were not necessary to performing this task, the purpose of an accounting is to determine the amount of money "owed to the plaintiff but held by the defendant." Black's Law Dictionary 22 (9th ed. 2009). The challenged findings and conclusions clearly go to the calculation of the amount owed by Provo to Enough for Everyone under the Agreement, and therefore are necessary to this determination.

**3.** Provo further faults the Special Master for failing to ensure a court reporter was present to record witness testimony. But the Federal Rules of Civil Procedure did not require him to do so. See Fed. R. Civ. P. 53(c)(1)(C) ("Unless the appointing order directs otherwise, a master may . . . if conducting an evidentiary hearing, exercise the appointing court's power to compel, take, and

record evidence." (emphasis added)).  As the Advisory Committee Notes observe, this rule "is intended to provide the broad and flexible authority necessary to discharge the master's responsibilities.  The most important delineation of a master's authority and duties is provided by the Rule 53(b) appointing order."  Fed. R. Civ. P. 53 advisory committee's note.  The district judge's appointing order only demanded that the Special Master "preserve all documents and records filed with the Special Master."  The Special Master properly discharged this duty.

**AFFIRMED**